SAREPTA HIX *vs.* ISAAC WHITTEMORE.

The rule of evidence, that where insanity is proved or admitted at any particular time it is presumed to continue, does not apply to insanity caused by a violent disease.

WRIT OF ERROR to reverse a judgment recovered by the defendant in error against the plaintiff in error, at the December term, 1837, of the court of common pleas. The original writ against the plaintiff in error was served on the 20th of November 1837, by leaving a summons at her last and usual place of abode in Athol. The error assigned was, that at the time of the service of the said original writ, and at the time of the rendition of said judgment, the plaintiff in error was insane. Issue to the country.

At the trial, the insanity of the plaintiff in error, in the spring of 1837, either resulting from or connected with a violent disease, was both proved and admitted. Evidence was offered by the defendant in error, tending to prove that she (the plaintiff in error) recovered. her reason during the following summer, and continued sane till she was carried to the house of correction in Worcester, on the 10th of November 1837 ; and evidence was offered by the plaintiff in error, tending to prove that she continued insane during that period.

The jury were instructed, " that the insanity of the plaintiff in error, in the spring of 1837, being proved and admitted, the burden of proof was on the defendant in error to show that she had so perfectly recovered her mind, as to be the proper subject

. 46 *

of a suit, at the time of the service of the original writ upon her; and that if the jury were satisfied that she had recovered her mind during the summer or autumn of 1837, the burden of proof was then shifted upon her to show the insanity at the time of the service of the writ and the rendition of the judgment in the original action."

The jury returned a verdict for the plaintiff in error, and the defendant in error alleged exceptions to the said instructions.

*Brooks*, for the defendant in error.

*Washburn*, for the plaintiff in error.

DEWEY, J. Every man being presumed to be sane, till the contrary is shown, the burden of proof certainly rests, in the first instance, on the party alleging the insanity. How far this burden is changed by the mere fact of proof of insanity at a particular period is the precise point of the present inquiry.

The general expressions, in some of the books that treat of the subject, are certainly broad enough to warrant the instructions given in the present case. See 3 Stark. Ev. 1709. Greenleaf on Ev. § 42. Mathews on Presump. Ev. (Amer. ed.) 20, 21. But a careful analysis of the principles, upon which presumptions are allowed to have force and effect, will show that the proof of the insanity of an individual, at a particular period, does not necessarily authorize the inference of his insanity at a remote subsequent period, or even several months later.

The force of presumptions arises from our observation and experience of the mutual connexion between the facts shown to exist and those sought to be established by inference from those facts. Now neither observation nor experience shows us that persons, who are insane from the effect of some violent disease, do not usually recover the right use of their mental faculties. Such cases are not unusual, and the return of a sound mind may be anticipated from the subsiding or removal of the disease which has prostrated their minds. It is not, therefore, to be stated as an unqualified maxim of the law, " once insane, presumed to be always insane; " but reference must be had to the peculiar circumstances connected with the insanity of an individual, in deciding upon its effect upon the burden of proof, or how

far it may authorize the jury to infer that the same condition or state of mind attaches to the individual at a later period.

There must be kept in view the distinction between the inferences to be drawn from proof of an habitual or apparently confirmed insanity, and that which may be only temporary. The existence of the former, once established, would require proof from the other party to show a restoration or recovery ; and in the absence of such evidence, insanity would be presumed to continue. But if the proof only shows a case of insanity directly connected with some violent disease, with which the individual is attacked, the party alleging the insanity must bring his proof of continued insanity to that point of time which bears directly upon the subject in controversy, and not content himself merely with proof of insanity at an earlier period.

Such we take to be the rule, as founded in reason and sanctioned by the decided cases. Thus in *Cartwright* v. *Cartwright*, 1 Phillim. 100, it was held that " where *habitual* insanity in the mind of a person is established, there the party who would take advantage of the fact of an interval of reason must prove it "; taking the distinction which we have mentioned. 1 Williams on Executors, 17, 18. Swinburne, in his Treatise on Wills, Part II. Sect. III., states the general presumption of law, that a testator, who is proved to have been void of the use of reason and understanding, continues in the same state. But, among other exceptions to this rule, he mentions the case of a testator's falling " into some frenzy, upon some *accidental cause* which is afterwards taken away." And this exception is recognized in 1 Collinson on Lunacy, 55, and Shelford on Lunatics, 275. Lord Hale says *accidental* madness proceeds sometimes from the violence of a disease. 1 Hale P. C. 30.

*New trial granted.*