SMITH et al. v. RYAN et al.

(Supreme Court, Appellate Division, First Department. December 21, 1906.)

1. WILLS—DEVISE OF REAL ESTATE—PROBATE.

     The probate of a will disposing of real property is not necessary to pass title thereto.

     [Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 510, 1728.]

2. SAME—EFFECT OF PROBATE.

Probate of will is only presumptive evidence of its due execution so far as it relates to real property.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 919.]

3. EJECTMENT—TITLE UNDER UNPROBATED WILL—EVIDENCE—TESTAMENTARY CAPACITY.

Where defendants in ejectment relied on an unprobated will to sustain their title, plaintiffs were entitled to prove that at the time the will was executed testator did not have testamentary capacity.

4. DEEDS—VALIDITY—PRESUMPTION.

A deed regular on its face and properly executed and delivered by a grantor who had not been adjudged incompetent, will be presumed valid in ejectment until set aside for the grantor's incompetency by a decree in equity.

Clarke, J., dissenting.

Appeal from Trial Term, New York County.

Action by Mary Smith and others against Michael Ryan and others. From a judgment dismissing the complaint, plaintiffs appeal. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Henry B. Twombly, for appellants.

Edward W. S. Johnson, for respondents.

INGRAHAM, J. This action is in ejectment. The plaintiffs allege that they are the owners in fee, and are entitled to the immediate possession, of an undivided one-half interest in certain real property, in the city and county of New York, particularly described in the complaint; that the defendants were wrongfully in possession of said premises, claiming under a lease from one Mary M. Flynn; that the said Mary M. Flynn died on the 25th day of January, 1902, leaving a last will and testament and codicil thereto; that said Mary M. Flynn, from the year 1890 down to January 25, 1902, illegally and wrongfully was in possession of said property, and collected the rents and profits thereof, and withheld the same from the plaintiffs; and the complaint demands a judgment for a recovery of an undivided half interest in the said property and an accounting for the rents and profits. The answer alleges that Mary M. Flynn was the owner of the property at the time of her death; that she claimed title under a deed from Michael L. Flynn, which conveyed the same to one John Dollard, and thereupon the said Dollard executed and delivered a full-covenant warranty deed, which conveys the same property to the said Mary M. Flynn, which was duly recorded; that thereafter, and on or about the 14th day of January, 1889, the said Michael L. Flynn died at the city of New York, leaving a last will and testament by which he gave and devised all his property, real and personal, to the said Mary M. Flynn, his wife.

The plaintiffs introduced in evidence the deed made in January, 1867, conveying the property to Michael L. Flynn. It was then admitted that in the year 1886 the said Michael L. Flynn was seised of the premises described in the complaint, and plaintiff, after proving the rental value of the premises, rested, whereupon the defendants produced a deed, dated January 25, 1887, from Michael L. Flynn, to Dollard, for an expressed consideration of $50,000, duly acknowledged and

recorded, and also a deed, dated the 25th day of January, 1887, whereby Dollard for the same consideration conveyed the premises to Mary M. Flynn, which deed was duly acknowledged and recorded. The plaintiffs then introduced in evidence the will of Mary M. Flynn and a codicil thereto, which were duly admitted to probate by the surrogate of Kings county by decree dated the 25th day of February, 1902. The defendants then produced an instrument which purported to be the last will and testament of Michael L. Flynn, dated March 13, 1885. One of the subscribing witnesses to this instrument was examined and testified to the due execution of the will by the testator, and it was admitted that the other subscribing witness was dead, and that the signature to the instrument was in his handwriting, and the instrument was admitted in evidence. It was properly attested and was upon its face duly executed. The defendants then offered evidence tending to prove that at the time of the making of the will, on March 13, 1885, Michael L. Flynn, the testator, was totally incompetent, having alcoholic dementia, and was in law incompetent to make a will, and that he so continued until the time of his death, in January, 1889; that at no time from March 11, 1885, down to the time of his death, was he competent to make a will or to make a deed; and that at the time he made this deed he was incompetent to make such a deed in law. This was objected to as immaterial, irrelevant, incompetent and improper, not within the issues, and no proper foundation being laid for the testimony, and not within the purview of an issue of this kind. Before this objection was passed upon it was conceded that Michael L. Flynn had never been adjudicated an incompetent, whereupon the court sustained the objection, and the plaintiffs excepted. The court, thereupon, on motion of the defendant, directed a verdict in favor of the defendants on the ground that they had established title to the property. To that the plaintiffs excepted and that exception presents the only question argued here.

If the defendants relied upon this unprobated will of Michael L. Flynn to sustain the title to the property, it is quite clear, I think, that the plaintiffs were entitled to prove that at the time of the execution of this will the testator had not testamentary capacity. That unprobated will having been produced, and its execution having been duly proved, if valid, the title vested in the devisee. Probate of a will which disposes of real estate is not necessary to pass title to the real property. Probate of a will is only presumptive evidence of its due execution, so far as it relates to real property, and it can be proved in an action affecting the title to the property. The plaintiffs, however, to meet this claim of title, were entitled to prove that at the time the testator purported to execute the will he had not testamentary capacity. A different question is presented, however, as to the deed purporting to have been executed by Michael L. Flynn. The plaintiffs claim their right to attack this deed upon the ground that in an action in ejectment, where the defendant alleges the execution of a deed by a former owner of the property to defeat the plaintiff's claim, the plaintiff has the right to show that the deed was void under section 522 of the Code of Civil Procedure, which provides that:

. "An allegation of new matter in the answer, to which a reply is not required, * * * is to be deemed controverted by the adverse party, by traverse or avoidance, as the case requires."

In determining this question, the first question presented is whether a conveyance of real property, duly executed, acknowledged, and recorded, where the grantor is alleged to be incompetent to execute an instrument, before office found, is absolutely void, or voidable only. I had occasion to express my opinion upon this question in the case of Blinn v. Schwarz, 63 App. Div. 25, 71 N. Y. Supp. 343. The case was decided by a majority of the court upon another ground, and that question was not then determined. On an appeal to the Court of Appeals (177 N. Y. 252, 69 N. E. 542, 101 Am. St. Rep. 806), Judge Vann, delivering the opinion of the court, said, in speaking of Van Deusen v. Sweet. 51 N. Y. 378, that that case had produced some confusion, because owing to the syllabus, it was misunderstood, and then added:

"Although the decisions of the courts upon the subject are not uniform, according to the weight of authority in this state, as well as elsewhere, the deed of a lunatic before office found is voidable only and not void."

Without considering the question whether the plaintiffs should have in any event resorted to equitable relief, it was held that a deed, though voidable, could be subsequently ratified, and that the act of the grantor in that case was a ratification of the deed. I adhere to the views that I expressed in. Blinn v. Schwarz, and for the reasons there stated I think that a deed regular upon its face, properly executed and delivered, is presumably valid where the grantor had not been adjudicated an incompetent, and that the title to the property affected thereby passes to the grantee until by an adjudication of a court of equity the deed is declared void. The plaintiffs, however, claim that, even if voidable only, when this deed had been set up by the defendants as a foundation of their title, they were entitled to prove that that deed was voidable, and ask an affirmative relief that the court should declare it void in this action. If the relief that can only be granted by a court of equity is necessary before the grantor or his heirs can recover the property, the grantee is entitled to possession until the deed is avoided by the equity judgment, and therefore ejectment, which must depend upon the right to possession when the action is commenced, cannot be maintained. In granting such relief equity insists that the consideration paid shall be repaid, and it is only upon complying with the conditions imposed that the deed is avoided. A judgment in an action of ejectment could not be conditioned upon plaintiff's complying with a condition, but will only be granted on plaintiff's establishing that he was entitled to possession when the action was commenced; and as, in this case, the proof showed that the plaintiffs were not entitled to possession when the action was commenced, they were not entitled to recover. The case is like that of a mortgagee in possession, where ejectment cannot be maintained, but where the owner of the equity of redemption must resort to a court of equity to reclaim.

It follows that the judgment appealed from must be affirmed, with costs.

PATTERSON, P. J., and McLAUGHLIN and LAUGHLIN, JJ., concur.

CLARKE, J. (dissenting). The learned trial court refused to receive proof that "on March 13, 1885; Michael L. Flynn was totally incompetent, having alcoholic dementia, and was in law incompetent to make the will, and that at no time from March 11, 1885, down to the time of his death was he competent to make a will, or to make a deed, and that at the time he made this deed he was incompetent to make such a deed in law," and directed a verdict for the defendants upon the ground that, as a deed by an insane person before office found is voidable, and not void, the plaintiffs were required to go into a court of equity and have it set aside before an action of ejectment could be maintained. In Hall v. La France Fire Engine Co., 158 N. Y. 570, 53 N. E. 513, relied upon for that ruling, no such question was involved. There was no question of a void deed or a voidable deed. Plaintiff brought an action in ejectment. The defendant had been in possession of the property for more than quarter of a century, under a deed executed by the plaintiff and his wife. The court said:

"If it be true that he did not unite in the deed for the purpose of conveying, among other things, whatever interest he had in the premises which were being conveyed to this defendant, and that the purpose was merely to assure to the grantee the continued use of certain streets that had been laid out upon lands belonging to him, then, instead of bringing a common-law action of ejectment, the plaintiff should have brought suit on the equity side of the court to so reform the deed that it should express the real agreement of the parties."

In other words, the construction of the deed desired by the plaintiff could only be had by reformation of the instrument. It was concededly valid, made while in his right mind, when of age, without duress or fraud. The decision has no application here. In Blinn v. Schwarz, 63 App. Div. 25, 71 N. Y. Supp. 343, affirmed 177 N. Y. 252, 69 N. E. 542, 101 Am. St. Rep. 806, the question was the ratification of a deed given by an insane person after his restoration to sanity. In that case, when in this court, Mr. Justice Ingraham, in a concurring opinion, put his concurrence squarely upon the ground that relief must be had in a court of equity. No one of his associates agreed with him, and the Court of Appeals declined to pass upon the question raised by him, in this language:

"Without considering the question so ably discussed in the concurring opinion below, whether the plaintiff in any event should have resorted to equity for relief, we think the record shows no reversible error."

With the greatest respect for the opinion of the learned justice, his views have not yet become the law of the state. In the prevailing opinion in the case at bar, the same learned justice adheres to the views expressed by himself in Blinn v. Schwarz. It seems to me that Wilcox v. American Telephone & Telegraph Co., 176 N. Y. 115, 68 N. E. 153, 98 Am. St. Rep. 650, and Babcock v. Clark, 93 App. Div. 119, 86 N. Y. Supp. 976, and the cases there cited, establish plaintiffs' right to attack this deed as in avoidance of the defendants' claim that they have a good title based upon it.

It seems to me that whether a lunatic's deed is called void or voidable makes no practical difference. Upon election, it may be avoided, and be of no force or effect. The bringing of the suit in ejectment upon a claim of title by heirship, was as clear an election to avoid the deed as it was possible to make. If it was given by a lunatic to a person taking with knowledge, without consideration, and by practicing upon the grantor's infirmities, this, it seems to me, could be affirmatively established upon this trial to destroy the deed offered by the defendants to defeat the plaintiffs' claim. Judge Vann said in Blinn v. Schwarz:

"The deed of a lunatic is not void, in the sense of being a nullity, but has force and effect until the option to declare it void is exercised."

The option has been exercised by the bringing of this suit.

The judgment should be reversed, and a new trial ordered, with costs to the respondents to abide the event.