(55 Misc. Rep. 408.)

### LEWIS et al. v. RYAN et al.

(Supreme Court, Special Term, New York County. July, 1907.)

1. PLEADING—DEMURRER TO REPLY—DEFECTIVE ANSWER.
    Where an answer in ejectment setting up title in defendants is defective for failing to allege that defendants' predecessor in title was ever seised or possessed of the premises in question, a demurrer to the reply cannot be sustained.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 543.]

2. EJECTMENT—ANSWER—REPLY.
    In ejectment, defendants pleaded a judgment in an action brought by joint tenants and the present plaintiffs in bar. Plaintiffs in reply denied all the allegations, identifying the defeated plaintiffs in the former action with plaintiffs in the suit in question. Held not subject to demurrer as failing to raise an issue of fact.

3. SAME.
    In ejectment, defendants' answer alleged that they were in possession under a deed from a decedent to a third person, and by conveyances from him, and also under the decedent's will, whereby the grantor of such third

person became the devisee of the testator. Plaintiffs in reply denied any consideration for the deed, and alleged that the will and the deed from testator were procured by undue influence under a fraudulent conspiracy while testator was mentally incompetent. *Held*, that the reply was not subject to demurrer for insufficiency.

Action by Ella H. Lewis and others against Michael Ryan and others. Demurrers to reply overruled.

Edward W. S. Johnston, for demurrants.

Henry B. Twombly and Louis H. Hall, opposed.

BISCHOFF, J. The action is in ejectment. Separate defenses are interposed to the effect that the defendants are in possession by virtue of a conveyance made by one Michael L. Flynn to John Dollard, who, in turn, conveyed to Mary M. Flynn; and by virtue, also, of the last will and testament of Michael L. Flynn, whereby Mary M. Flynn became the devisee of all the testator's real property. Further, it is alleged, as matter of defense, that a certain action, instituted by Mary Smith, Margaret Smith, and Ellen Smith Brown against these defendants to recover possession of an undivided half of the premises in suit, "as joint tenants or tenants in common with the plaintiffs herein," resulted in judgment for the defendants. The reply, to which, as a whole, the demurrer is interposed, denies that there was consideration for the deeds of conveyance referred to, and denies the allegation as to the action brought by Mary Smith and others, except to admit the bringing of an action by those parties to recover possession of an undivided one-half interest in the premises described in the complaint, which action terminated in judgment that such parties were not entitled to possession; and it is further alleged that the deed from Flynn to Dollard, as well as the last will and testament of Flynn, were procured by Dollard and by Mary M. Flynn to be executed through fraud and undue influence, and in pursuance of a fraudulent conspiracy to obtain possession of Flynn's property at a time when he was mentally incompetent to make a will or to execute and deliver a conveyance.

The demurrers to this reply for insufficiency are certainly not well conceived. Apparently they are interposed upon the theory that the Appellate Division, when affirming the judgment for the defendant in Smith v. Ryan, 116 App. Div. 397, 101 N. Y. Supp. 1011, has determined that no inquiry into the acts of Michael L. Flynn, or into the circumstances surrounding the making of the will or the delivery of the deed, may be had in this action. What was decided in that case was simply that, where the grantor had not been judicially declared to be incompetent, his deed of conveyance could not be attacked upon the ground of incompetency in an ejectment suit. Here the allegation is that there was active fraud, and the rule applied in Smith v. Ryan does not, to this extent of the averments, affect the issues of law before me. Again, if I should assume that the deed and the will could not be attacked for fraud when set up in answer to the plaintiff's suit, as counsel for the defendants would seem to contend, still the reply could not be open to demurrer, because the plaintiffs may properly invoke the rule that a demurrer reaches the first bad pleading, and the answers are obviously defective in substance, for a failure to allege that Michael

L. Flynn, the assumed source of the defendants' title, was ever seised or possessed of the premises in suit or had shadow of title to them at any time.

So far as the reply is directed to the defense of an estoppel by adjudication, it appears that all the allegations of this defense which seek to identify the defeated plaintiffs in the former action with these plaintiffs through some privity of estate are denied, not through an asserted absence of knowledge and information sufficient for a belief with regard to public records, as defendants' counsel suggest, but absolutely. The admissions in the reply are simply that some persons, not suing "as joint tenants or tenants in common with these plaintiffs," brought an ejectment suit against these defendants, touching these premises, and were defeated. Upon this state of facts there was no privity of estate, and the reply distinctly raises an issue of fact as to the former adjudication, even should I adopt the defendants' contention that one joint tenant may, by a futile and informal suit, conclude another who has no notice and is not joined as a party.

For the reasons stated, the demurrers are overruled, with costs.

Demurrers overruled, with costs.