## LEWIS et al. v. RYAN et al.

(Supreme Court, Appellate Division, First Department. January 17, 1908.)

1. DEEDS—VALIDITY—MENTAL INCAPACITY OF GRANTOR—EFFECT.

A deed, regular on its face, properly executed and delivered, is presumably valid, where the grantor has not been adjudicated an incompetent, and the title to the property affected thereby passes to the grantee, until, by an adjudication of a court of equity, the deed is declared void.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Deeds, §§ 587–593.]

2. EJECTMENT—RIGHT OF ACTION—RIGHT OF POSSESSION.

Ejectment depends on the right to possession when the action is commenced.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Ejectment, §§ 63, 64.]

3. SAME—ANSWER—REPLY.

In ejectment, the answer alleged that defendants were in possession under a deed from a decedent to a third person, and by conveyances from such third person, and under decedent's will, whereby the grantee of the third person became a devisee. The reply alleged that decedent was at the time of the execution of the deed and will mentally incompetent, and that the deed and will were procured by undue influence, pursuant to a fraudulent conspiracy to procure his property. Held, that the reply, in the absence of an allegation that decedent had been adjudged incompetent, was demurrable, since, until equity had declared the deed void because of mental incompetency, the grantee therein, or those claiming under him, were entitled to possession.

Patterson, P. J., and Houghton, J., dissenting.

Appeal from Special Term.

Action by Ella H. Lewis and others against Michael Ryan and others. From an interlocutory judgment (106 N. Y. Supp. 646, 55 Misc. Rep. 408) overruling a demurrer to the reply, defendants appeal. Reversed.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and LAMBERT, JJ.

Edward W. S. Johnston, for appellants.
Louis H. Hall, for respondents.

LAMBERT, J. This action is in ejectment. The property involved is located at 57 and 58 Whitehall street, city of New York. The complaint avers ownership of the fee simple of an undivided one-half interest in the property, and that the defendants, or some of them, are in possession holding adversely to the plaintiffs. The defendants answer the complaint, and allege that on the 25th day of January, 1887, by a full covenant warranty deed, one Michael Flynn, for an expressed consideration of $50,000, conveyed the premises in question to one John Dollard; that this consideration was, in fact, paid, and that the said Dollard subsequently conveyed the said premises, for a like consideration, to Mary M. Flynn, wife of Michael Flynn; that on or about January 14, 1889, Michael L. Flynn died in New York, leaving a last will and testament, by the terms of which he devised and bequeathed all of his property, real and personal, to the said Mary M. Flynn; that at all times after the execution of the deed above referred to, and at all times after the death of the said Michael M. Flynn, and until the death of the said Mary M. Flynn, the latter occupied and possessed

the said premises, claiming to be the owner thereof; that the said Mary M. Flynn died on or about the 25th day of January, 1902, leaving a last will and testament, bearing date May 16, 1898, and a codicil thereto, duly admitted to probate, and that in and by said will the said Mary M. Flynn gave, devised, and bequeathed the premises involved in trust to one James J. Dollard for the benefit of certain persons, and that the defendants have been in possession of the property under and through this will, holding adversely to these plaintiffs. A second defense is also set up, but this does not appear to be relied upon, and it is not necessary to consider it in this connection. By order of the court the plaintiffs were called upon to reply to the new matter set up in the answers, and the defendants demur to the reply. '

The reply of the plaintiffs admits the making and recording of the deeds, or of the papers purporting to be deeds, relied upon in the defendants' answers, but denies any knowledge or information as to whether after the death of the said Mary M. Flynn, and during the lifetime of James J. Dollard, the Dollards mentioned were in occupation of the premises, claiming title adverse to the plaintiffs. The plaintiffs then allege that the said Michael L. Flynn became the owner of the premises in suit in 1867, and that he remained in possession of the same down to the 14th day of January, 1889; that for a period of at least 10 years prior to 1885 the said Michael L. Flynn had become a confirmed drunkard, had become a victim of alcoholic dementia, and had become totally insane, and that on or prior to said March 14, 1885, and continuously thereafter, the said Michael L. Flynn was insane, had alcoholic dementia, and had no comprehension whatever of the nature or quality of any act performed by him, or the scope and bearing of any of the provisions of any instrument attempted to be executed by him; that he had no active memory or understanding sufficient to collect in his mind without prompting the particulars or elements of any business to be transacted, and to hold them in his mind for a sufficient length of time to perceive at least their obvious relations to each other, and to be able to form a rational judgment in relation thereto, and this continued down to his death. It is then alleged that the said Mary M. Flynn and said John Dollard, a brother of said Mary M. Flynn, knowing the mental condition of the said Michael L. Flynn, illegally and fraudulently conspired together to get title and possession of said premises from the said Michael L. Flynn and his heirs at law, and that both the will and the deed, purporting to be the acts of the said Michael L. Flynn, were not in fact his acts, but resulted from an overpowering of his mind by the said Mary M. Flynn and John Dollard, and that this result could not have been accomplished had not the said Michael L. Flynn been insane as alleged. The plaintiffs further aver that:

"In pursuance of said fraudulent conspiracy * * * and on or about the 27th day of January, 1887, said John Dollard and Mary M. Flynn, well knowing the insanity and incompetency of said Michael L. Flynn, fraudulently and illegally induced and unduly influenced said Michael L. Flynn so that his will was overpowered and he was made to sign the same alleged deed to John Dollard; that said disposition of his property would not have been made if said Michael L. Flynn had been left free to act his own pleasure," etc.

The defendants demur to this reply upon the ground that it is insufficient in law on the face thereof, and the demurrers have been overruled. The practical question on this appeal, the demurrer being general, is whether the question of the validity of the deed, on the ground of the insanity of Michael L. Flynn, with the alleged resulting fraud, can be tried out in an action under the allegations of this reply. There is no allegation that the said Michael L. Flynn has ever been judicially declared to be a lunatic, and this court is committed to the doctrine that a deed, regular upon its face, properly executed and delivered, is presumably valid, where the grantor has not been adjudicated an incompetent, and that the title to the property affected thereby passes to the grantee, until by an adjudication of a court of equity the deed is declared void. Smith v. Ryan, 116 App. Div. 397, 401, 101 N. Y. Supp. 1011. An action in ejectment must depend upon the right to possession when the action is commenced (Smith v. Ryan, supra), and the facts set forth in the reply do not show that this condition exists. It is true that a different rule prevails where there is an issue of fraud involved (Wilcox v. American Tel. & Tel. Co., 176 N. Y. 115, 68 N. E. 153, 98 Am. St. Rep. 650), and the pleader in the case at bar does allege that there was a fraudulent conspiracy, but a careful reading of the reply fails to disclose any facts from which the conclusion of a fraudulent conspiracy can be gathered, except upon the theory that the said Michael L. Flynn was insane, and that by reason of such insanity the defendants' predecessors in title were enabled to take advantage of him, and to procure the deed under which they claim. There is not a single act charged which would tend to show a conspiracy, if we leave out of the consideration the alleged fact of the insanity of Michael L. Flynn; and the pleader's conclusion that John Dollard and Mary M. Flynn "fraudulently and illegally induced and unduly influenced said Michael L. Flynn," etc., is not admitted by the demurrer. The reply, failing to show any facts from which the inference of fraud may be drawn, is clearly distinguishable from the situation presented in the Wilcox Case, supra, where the plaintiff was permitted to show that the deed under which the defendants claimed was procured from him through an active fraud in procuring his signature to a deed under the pretense that it was a receipt for $1 paid to the plaintiff for trimming one of his trees. Here the deed is regular upon its face, had been delivered and recorded, and is effective to convey the title until set aside by a court of equity. Under the rule laid down by this court in the case of Smith v. Ryan, supra, the reply fails to set forth the facts necessary to overcome the defense pleaded, and the interlocutory judgment cannot be sustained.

The interlocutory judgment appealed from should be reversed, with costs, and the demurrers sustained, with costs.

LAUGHLIN, J., concurs.

McLAUGHLIN, J. (concurring). I concur in the opinion of Mr. Justice LAMBERT in so far as he holds that the interlocutory judgment appealed from should be reversed and the demurrer sustained, with costs. The action is in ejectment. The reply demurred to al-

leges that the deed from Michael L. Flynn to Dollard was without consideration, as was the deed from Dollard to Mary M. Flynn, and that they both knew at the time Michael L. Flynn executed and delivered his deed that he was insane. There is, however, no allegation to the effect that Michael L. Flynn had then been adjudged insane, and, in the absence of such an allegation and proof of the same at the trial, the plaintiffs cannot maintain the action. As was said in Blinn v. Schwartz, 177 N. Y. 252, 69 N. E. 542:

"Although the decisions of the courts upon the subject are not uniform, according to the weight of authority in this state as well as elsewhere, the deed of a lunatic before office found is voidable only and not void."

The deed of Michael L. Flynn was regular upon its face, properly executed and delivered, and therefore is presumed valid, and the title to the property affected passed to the grantee therein named, until, by an adjudication of a court of equity, the deed is declared void. If the deed is only voidable, then relief from it can only be granted by a court of equity, and until such relief be granted the grantee named in the deed, or those claiming under him, is entitled to possession.

Therefore ejectment, which must depend upon the right to possession when the action is commenced, cannot be maintained.

PATTERSON, P. J. (dissenting). I think the demurrer to the reply was properly overruled at the Special Term. What was held in Smith v. Ryan, 116 App. Div. 397, 101 N. Y. Supp. 1011, was that the deed, the grantor not having been adjudged to be incompetent, could not be assailed for his alleged mental incapacity in an ejectment action. But, as pointed out in the opinion of the justice at Special Term overruling these demurrers, there are allegations in this reply of "active fraud." They are, in substance, that the deed from Flynn to Dollard and the last will and testament of Flynn were procured to be executed through fraud and undue influence, and in pursuance of a fraudulent scheme to get possession of Flynn's property at a time when he was incompetent to make a deed.

It seems to me that the learned justice at Special Term properly characterized this as an "active fraud" perpetrated upon an incompetent person; and, inasmuch as the demurrer is to the whole of the reply, the matter pleaded is not solely that the instruments sought to be affected were the acts of a person not adjudged to be non compos mentis, but that the execution of the instruments was induced by fraud and undue influence exerted upon a person who was incapable of resisting it. I think that Wilcox v. American Tel. & Tel. Co., 176 N. Y. 115, 68 N. E. 153, 98 Am. St. Rep. 650, is an authority for the proposition that a deed alleged to have been procured by fraud and deceit may be attacked in such an action as this.

The interlocutory judgment appealed from should be affirmed, with costs.

HOUGHTON, J., concurs.