## DELILAH A. PIGG *et al.*

### *v.*

## JOSEPHINE CARROLL *et al.*

1. WITNESS—*competency—husband for wife.* On bill filed by heirs of an intestate for the partition of lands inherited, and for other relief, in respect to advancements as affecting the rights of the parties, the husband of a party is a competent witness in her behalf.

2. In a suit for the partition of land, involving the question of advancements by the common ancestor, the parties can not be said to sue and be sued as heirs, any more than if the property had been acquired otherwise than by inheritance; and that clause of the statute which inhibits parties in interest or of record in such cases from becoming witnesses on their own motion, has no application. As the litigation concerns the separate property of married women in a case wherein they may be witnesses, their husbands also are competent witnesses in their behalf.

3. ADVANCEMENTS—*bringing into hotchpot on partition.* Where advancements are shown to have been made by an ancestor in his lifetime to his children, of unequal values, on bill for partition of real estate inherited from

| | |
|---|---|
| 89 | 205 |
| 125 | 37 |
| 125 | 435 |
| 89 | 205 |
| 40a | 77 |
| 89 | 205 |
| 158 | 297 |
| 89 | 205 |
| 164 | 372 |
| 89 | 205 |
| 182 | 469 |
| 182 | 470 |
| 89 | 205 |
| d200 | ¹302 |
| 89 | 205 |
| e210 | ²168 |
| 210 | ²169 |

such ancestor it is proper for the court first to find the value of each advancement, and require the same to be brought into hotchpot.

4.   Same—*time at which value is to be ascertained.*   The date of an advancement is the time when, in fact, it was made and possession taken under it, and not the date of the deed made subsequent thereto conveying the property, which is but the fulfillment of the ancestor's bounty, and relates' back to the time when the gifts were in fact made, and its value should be estimated from the time possession was taken by the donee.

Appeal from the Circuit Court of Marion county; the Hon. Amos Watts, Judge, presiding.

This was a bill for partition, filed by Delilah A. Pigg, Thomas J. Pigg, Samuel Pigg and William Pigg, against Josephine Carroll, Elizabeth Carroll, Mary L. Chance, Elizabeth Rogers and Telitha C. Layson.

One of the appellants, Thomas J. Pigg, claimed two shares of the real estate, one as one of the heirs at law of Thomas H. Pigg, deceased, and another as the purchaser of the interest of Sarah J. Bruff, one of the children of said Thomas H. Pigg. Each of the other appellants claimed one share, and it was charged that Elizabeth Rogers was entitled to one share, Mary Chance, as only child of Martha Rogers, one share, Elizabeth and Josephine Carroll one share jointly, they representing the share of their deceased mother, Ellen Carroll, daughter of said Thomas H. Pigg.

The bill also charged various advancements, made by the ancestor in his lifetime.   The other material facts appear in the opinion.

Mr. William Walker, Messrs. W. & E. S. Stoker, and Mr. S. L. Bryan, for the appellants.

Mr. Henry C. Goodnow, for the appellees.

Mr. Justice Scott delivered the opinion of the Court:

This proceeding was to divide the real estate of which Thomas H. Pigg died seized, among his several heirs, and for other relief in connection with the distribution of his estate.

Advancements had been made by the intestate, in real estate to his sons and personalty to his daughters, and the matters in dispute relate to the value of such advancements.   On the hearing the husbands of two of the heirs were permitted to testify on their behalf, but we do not understand they were incompetent witnesses under the statute that defines the competency of witnesses in civil cases.   The property involved belonged to the litigants, and it makes no difference how they acquired the title to it, whether by purchase or descent. Under our statute, parties are competent witnesses notwithstanding their interest in the property, except where they sue or defend in certain representative capacities.   There is, however, no more reason for saying the parties in this case sue or defend as heirs than if the property had been acquired otherwise than by inheritance, and that clause of the statute which inhibits parties in interest or of record in such cases from becoming witnesses on their own motion, has no application to the case in hand.   As the litigation concerns the separate property of married women in a case where they may be witnesses, their husbands are also competent witnesses on their behalf.

An effort was made to show the intestate had made equal advancements to his sons and daughters, by the conveyance to the former of lands and of money and articles of personal property to the latter, but that theory of the case is not sustained by any satisfactory evidence.   It is proved such advancements were made, but it is by no means proved they were of equal value, and the court was right in first endeavoring to ascertain the value, and requiring the same to be brought into hotchpot with the whole estate, before decreeing partition.

The point most contested is as to the value of the lands conveyed by the intestate to his sons by way of advancements. No question is made but that the value is to be placed on the advancements at the time the same were made, but the disagreement is as to what shall be regarded as the time when such advancements were in fact made to the sons by the intes-

tate, whether at the date possession was taken or at the date of the deeds conveying the property. Under the testimony, it seems clear the former ought to be treated as the date of the advancements. The making of the deeds at a later period was in fulfillment of the ancestor's bounty, and relates back to the date the gifts were in fact made. It was many years, in case of two of the heirs, after possession was taken before any deeds were made to them, and in the meantime their labor and the general appreciation in the values of all property had given increased value to the lands, that was not the gift of the ancestor, and of course could not be justly estimated in arriving at the value of the advancements.

Regarding the time possession was taken by the beneficiaries as the time when the values of the advancements should be estimated, it does not seem the values placed on the lands are justified by anything contained in the record. They are certainly higher than the evidence will warrant. Prices were placed upon the lands by the witnesses at the time possession was taken, and also at the date of the deeds, and it can not be known certainly at what time the court estimated the same. If at the latter date, it was wrong, and if at the former, we are not entirely satisfied with the values fixed. At least the case ought to be reheard, when the court will confine the testimony as to the value of the advancements to the time when possession was taken of the lands by the donees.

As the decree is to be reversed, it will not be necessary to remark upon objections taken to the form of the decree. Any mere formal errors can be readily corrected. Time for consideration has now elapsed, and the court can, with propriety, require all the heirs to elect at once whether they will bring their several advancements into hotchpot with the whole estate, and share in the distribution to be made.

On account of the error indicated, the decree will be reversed and the cause remanded.

*Decree reversed.*