MARY GRIFFIN

*v.*

AMELIA GRIFFIN *et al.*

*Filed at Ottawa June 16, 1888.*

1. WITNESS — *competency* — *as to a fact occurring after one's death.* The widow of a deceased person is a competent witness to prove that after her husband's death she found a deed to him among his papers, as tending to show its delivery to him, that being "a fact occurring after the death of such deceased person."

2. SAME — *widow of grantee of land, whether competent to testify in support of the title—and herein, whether party sues as devisee.* Where the fact that a party acquired title to land by devise is not disputed, and the only question is whether such devisee conveyed the same, the widow of the grantee is a competent witness to prove that she saw the deed during her husband's lifetime, when it was acknowledged. In such case, the grantor, seeking to set aside the deed as a cloud on her title, does not sue as a devisee, and it is not material how she originally acquired title.

3. SAME—*competency of party against one defending as heir.* On bill by a former owner of land to set aside a deed made by her to a son who died after the time the deed purports to have been made, she will not be a competent witness against the minor heirs of the grantee, on her own motion, but as against her and in behalf of the minor heirs the widow of her grantee is a competent witness, and if the latter testifies, then the former is competent to testify to the same facts.

4. Where a widow, having only a life estate with a power of sale, files a bill against the heirs of her deceased grantee to set aside a deed made by her, the remainder-man will not be a competent witness to testify to facts to defeat such deed.

5. WILL—*devise of life estate, with power of disposition.* A devise as follows, "I give and bequeath to my wife, M., all my personal property, after my debts are paid, for her own use forever, and the use of all my real

estate during her natural life, with the same right to sell the same for her support and maintenance that I would have if living," will invest the widow with a life estate in the lands of the testator, with power of sale for her maintenance and support. A valid deed by her will execute the power, and leave no estate undisposed of.

6. EVIDENCE—*privileged communication to an attorney.* Where two parties come to an attorney to obtain his opinion concerning the validity of a deed from one to the other, and make a statement of facts to him, there being no relation of client and attorney, the latter is a competent witness to testify to the conversation of the parties, in respect of the subject matter of such conversation.

7. SAME—*to overcome certificate of acknowledgment.* The evidence to impeach the certificate of the acknowledgment of a deed must be so full and satisfactory as to convince the mind that the certificate is false or forged. A mere suspicion, or even preponderance of evidence less than sufficient to establish a moral certainty to that effect, is insufficient.

8. DELIVERY OF DEED—*presumption.* Where a deed duly executed is found in the hands of the grantee, there is a strong implication that it has been delivered, and only clear and convincing evidence can overcome the presumption.

APPEAL from the Circuit Court of Mercer county; the Hon. JOHN J. GLENN, Judge, presiding.

This bill was exhibited by Mary Griffin, against Amelia Griffin, widow, and Rettie Griffin, Oliver Griffin and Sarah Griffin, minors, children and heirs-at-law of George Griffin, deceased. It is alleged in the bill, that complainant is, and has been for more than twenty years last past, owner of the south-east quarter of the north-east quarter of section 13, township 14, north of range 2, west, in Mercer county; that she has been in the open and notorious possession thereof, and paid all taxes thereon, for more than twenty years before the filing of the bill; that by some means unknown to the complainant, there is a deed upon the record of deeds in Mercer county, purporting to have been made by complainant to George Griffin, which is a cloud upon the complainant's title; that she did not intentionally execute such deed; that if she did execute it she did so through mistake; that she never gave or sold the tract to George Griffin, and she has never received any con-

sideration therefor; that George Griffin rented the tract from her for the years 1877, 1878, 1879 and 1880, and paid her rent therefor. It is also further alleged, that the deed purporting to have been made by complainant to George Griffin bears date May 23, 1866, and was recorded upon April 16, 1868, but complainant had no knowledge or notice thereof until March, 1886; that said deed is a fraud upon the rights of the complainant; that George Griffin died intestate before the filing of the bill, leaving the widow and heirs-at-law named as defendants. The prayer is that the deed be cancelled and set aside as a cloud upon complainant's title. Amelia Griffin answered the bill, putting in issue the material allegations. The other defendants answered by guardian *ad litem,* also putting in issue the material allegations of the bill. The court, on final hearing, decreed that the bill be dismissed. This appeal is from that decree, and errors are assigned, bringing before the court the questions considered in the opinion of the court.

Mr. I. N. BASSETT, for the appellant:

Henry G. Griffin was a competent witness. He did not have or claim any present right to the land. His rights accrued when his mother died. She could convey her own title for life, which would not affect his title in remainder. He was not a party to the suit. In order to render a person not a party to the suit incompetent, under section 2 of chapter 51, "Evidence," the witness must be "directly interested in the event of the suit." *Bradley* v. *Morris,* 3 Scam. 182; *Sconce* v. *Henderson,* 102 Ill. 376.

John C. Pepper's evidence was improperly admitted in evidence. It was a privileged communication. The law is well settled that an attorney can not testify to any knowledge he receives from a person in his professional capacity. 1 Greenleaf on Evidence, secs. 237-241; *Wood* v. *Thornly,* 58 Ill. 464; *Granger* v. *Warrington,* 3 Gilm. 299; *People* v. *Barker,* 56 Ill.

299; *Bacon* v. *Frisbie*, 80 N. Y. 394; *Goltra* v. *Wolcott*, 14 Ill. 89; *Thorp* v. *Goewey*, 85 id. 615; *Dietrich* v. *Mitchell*, 43 id. 45.

Amelia Griffin, the widow of George Griffin, was not a competent witness to prove anything that occurred during the lifetime of her husband, in regard to the land in controversy. *Crane* v. *Crane*, 81 Ill. 166; *Warrick* v. *Hull*, 102 id. 280; 1 Wharton on Evidence, sec. 422; *Waddams* v. *Humphrey*, 22 Ill. 661; *Crose* v. *Rutledge*, 81 id. 266.

The evidence shows that the deed in controversy was recorded by some mistake, or that it was never delivered or intended to be delivered. *Jordan* v. *Davis*, 108 Ill. 336; *Sands* v. *Sands*, 112 id. 225; *Mitchell* v. *Shortt*, 113 id. 251; *Byars* v. *Spencer*, 101 id. 429; *Benneson* v. *Aiken*, 102 id. 284.

The deed must be accepted by the grantee to give it effect. *Dickerson* v. *Merriman*, 100 Ill. 342; *Insurance Co.* v. *Campbell*, 95 id. 267.

While the record of a deed is *prima facie* evidence of delivery, yet it may be rebutted by other evidence or circumstances attending the transaction. *Insurance Co.* v. *Campbell*, 95 Ill. 267; *Jackson* v. *Perkins*, 2 Wend. 308; *Jackson* v. *Phipps*, 12 Johns. 418; *Jackson* v. *Richards*, 6 Cow. 616; *Hawkes* v. *Pike*, 105 Mass. 560; *Welch* v. *Sackett*, 12 Wis. 253; *Young* v. *Guilban*, 3 Wall. 641; *Kingsbury* v. *Burnside*, 58 Ill. 324.

In order to make a delivery and acceptance, the minds of the parties must meet, as in all contracts. *Jackson* v. *Bodle*, 20 Johns. 184; *Jackson* v. *Dunlap*, 1 id. 114; *Dale* v. *Lincoln*, 62 Ill. 22; *Herbert* v. *Herbert*, Breese, 278.

Delivery and acceptance must be mutual and concurrent acts. An acceptance subsequent to delivery is not sufficient. *Hulick* v. *Scovil*, 4 Gilm. 159; *Church* v. *Gilmore*, 15 Wend. 658.

Mr. H. BIGELOW, for the appellees:

The deed is matter of record, has gone through certain forms and solemnities required by the law, has the sanction of the official oath of the officer, and in this, as in all the other

States, it is held, by a long line of uninterrupted, strong and inflexible rulings, that it will take evidence of great weight to overcome it. *Graham* v. *Anderson,* 42 Ill. 518; *Hill* v. *Bacon,* 43 id. 478; *Monroe* v. *Poorman,* 62 id. 524; *Spurgin* v. *Traub,* 65 id. 170; *Lickmon* v. *Harding,* id. 505; *Canal and Dock Co.* v. *Russell,* 68 id. 426; *Kerr* v. *Russell,* 69 id. 670; *Russell* v. *Baptist Theological Union,* 73 id. 339; *Marston* v. *Brittenham,* 76 id. 611.

These cases are worthy of particular attention. *Lowell* v. *Wren,* 80 Ill. 239; *Tunison* v. *Chamblin,* 88 id. 378; *Blackman* v. *Hawks,* 89 id. 512; *Watson* v. *Watson,* 118 id. 56; *Fitzgerald* v. *Fitzgerald,* 100 id. 385.

H. G. Griffin was directly interested in the event of the suit. By defeating the exercise of·the power he becomes the owner, subject to the prior life estate.

The witness Pepper was not retained as an attorney, and therefore statements made in his presence were not privileged. 1 Greenleaf on Evidence, sec. 239 a.

The evidence of Amelia Griffin, as to finding the deed among her husband's papers after his death, was legitimate and proper.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

*First*—The material part of the testimony of Amelia Griffin, widow of George Griffin, deceased, is, that she found the deed after the death of George Griffin, among the papers that had belonged to him. This being "a fact," in the language of the statute, "occurring after the death of such deceased person," it is competent to prove it by her. (Rev. Stat. 1874, p. 488, secs. 1, 2.) The statement that she saw it before his death, at the time it was acknowledged, in view of the entire evidence in the case, is not very important; but we have no doubt that it also is competent. While it is true that complainant's title was originally derived under and by virtue of the will of her deceased husband, yet that title is not here disputed. It is

conceded she had title, and it is immaterial how it was acquired; but it is contended by appellees that she subsequently conveyed it to George Griffin, while she denies that she did so, and this presents the only issue. She therefore neither sues nor defends here as conservator, executrix, administratrix, heir, legatee or devisee. (See *Pigg* v. *Carroll,* 89 Ill. 205.) The minor defendants, however, defend as heirs of George Griffin, deceased, and as to their rights she is not, in the first instance and of her own motion, a competent witness; but as against her, and on behalf of the defendants, the widow of George Griffin is a competent witness. (See Statute, *supra.*) And the widow of George Griffin having testified, complainant was a competent witness to testify to the same facts. See Statute, *supra,* exception 3.

*Second*—As above stated, complainant was not a competent witness, generally. She was competent to testify in rebuttal as to the same facts testified to by the widow of George Griffin, but she was not offered for that purpose.

*Third*—John Griffin, the husband of the complainant, by his will, devised the property in controversy, and other property, as follows: "I give and bequeath to my wife, Mary Griffin, all my personal property, after my debts are paid, for her own use forever, and the use of all my real estate during her natural life, with the same right to sell the same for her support and maintenance that I would have if living." This invested complainant with a life estate, and a power of sale of the fee for her maintenance and support. (*Funk et al.* v. *Eggleston et al.* 92 Ill. 515.) If complainant's deed to George Griffin was valid, it executed the power, and left no estate undisposed of. (*Christy* v. *Pulliam,* 17 Ill. 59.) But necessarily, if the deed was invalid, the remainder in fee is still in the heirs-at-law of John Griffin, deceased. Henry Griffin was one of the children and heirs-at-law of John Griffin, deceased. He was therefore directly interested in defeating this deed, and so he was incompetent as a witness against the children and heirs-at-law

of George Griffin, deceased, who here defend in that capacity. See statute in relation to evidence, *supra,* and *Comer* v. *Comer et al.* 119 Ill. 170.

*Fourth*—The relation of attorney and client did not exist between complainant and Pepper at the time of the conversation testified to by him. The facts, as he states, are: George Griffin, Mary Griffin, the complainant, and John B. Hoag, brought the deed to the witness, already signed and acknowledged, and asked his opinion what was necessary to convey title to George Griffin. John B. Hoag was the nephew of complainant, but had no interest in the matter. Pepper says he was never attorney for complainant about this land, and that he was called in by George Hoag. Very clearly he was a competent witness. We held in *Lynn* v. *Lyerle,* 113 Ill. 129, where two parties go together to an attorney, and make statements to him in the presence of each other, such statements are not confidential communications, intended to be withheld from the opposite party, and there is no error in permitting the attorney to testify thereto in a suit between the parties relating to the subject matter of such communications.

*Fifth*—Where a deed duly executed is found in the hands of the grantee, there is a strong implication that it has been delivered, and only clear and convincing evidence can overcome the presumption. (*Reed et al.* v. *Douthit et al.* 62 Ill. 348; *Tunison* v. *Chamblin et al.* 88 id. 378.) There is no evidence in this record that this deed was not delivered, but, on the contrary, there is, in addition to this legal presumption, affirmative evidence in effect acknowledging that it had been delivered.

*Sixth*—The evidence to impeach a certificate of acknowledgment of a competent officer to a deed of conveyance, must be so full and satisfactory as to convince the mind that the certificate is false or forged. A mere suspicion, or even preponderance of evidence less than sufficient to establish a moral certainty to that effect, is insufficient. *Fitzgerald* v. *Fitzgerald,* 100 Ill. 386; *Lickmon* v. *Harding,* 65 id. 505; *McPherson* v.

*Sanborn,* 88 id. 150 ; *Crane* v. *Crane,* 81 id. 165 ; *Russell* v. *Theological Union,* 73 id. 337 ; *Heacock* v. *Lubuke,* 107 id. 402 ; *Canal and Dock Co.* v. *Russell,* 68 id. 430 ; *Kerr* v. *Russell,* 69 id. 666 ; *Watson* v. *Watson,* 118 id. 56.

The only evidence in this record tending to question the *bona fides* of this deed, does not tend to prove that it was not executed, or that it was executed by mistake, but rather, if anything, to establish a secret trust. It wants much of being sufficient to warrant a decree in conformity with the prayer of the bill.

The decree is affirmed. *Decree affirmed.*