MARY BELLE PATTON, Plaintiff in Error, *vs.* JAMES W. GULLETT *et al.* Defendants in Error.

*Opinion filed April 22, 1915.*

EVIDENCE—*when complainants are incompetent to testify to an agreement by testatrix not to make a will.* Daughters of a testatrix who file a bill as heirs against the other children as devisees under the will, seeking to establish an agreement by the testatrix with her children not to make a will, are incompetent, under section 2 of the Evidence act, to testify as to the making of the agreement, for though the titles of both complainants and defendants come from the same source they are inconsistent. (*Pigg* v. *Carroll,* 89 Ill. 205, and *Mueller* v. *Rebhan,* 94 id. 142, explained.)

WRIT OF ERROR to the Circuit Court of Hardin county; the Hon. W. H. GREEN, Judge, presiding.

CHARLES DURFEE, and JOHN C. OXFORD, for plaintiff in error.

JOHN Q. A. LEDBETTER, and JAMES A. WATSON, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

This writ of error is prosecuted by Mary Belle Patton to reverse a decree of the circuit court of Hardin county which dismissed her bill of complaint.

Waitman W. Gullett died on April 22, 1909, leaving a widow, Emma Gullett, and ten children, of whom plaintiff in error is one. By his will he gave five dollars to each of his children and all the rest of his estate to his widow. The bill alleges that the plaintiff in error employed counsel for the purpose of resisting the probate of the will and contesting its validity, and that on July 1, 1909, in consideration that the complainant would abandon such purpose and permit the will to be probated without objection and the widow to have during her life the use and control of the property devised to her, Emma Gullett, the widow, verbally agreed, in the presence of all the other children, who agreed to abide by such agreement, that she would not sell the real estate and would make no will concerning the property passing to her under the will of her husband. Thereupon the plaintiff in error abandoned her opposition to the probate of the will, it was admitted to probate without objection, and the widow remained in possession, use and control of the property devised to her until her death. Nevertheless, on November 29, 1910, the widow made her will, whereby she gave one dollar each to plaintiff in error and two of her sisters and divided the rest of her property among her seven other children. Emma Gullett died on April 23, 1913, and the bill alleges that she left property of the value of $15,000, which she had received under her husband's will. All the heirs of Emma Gullett, who were the brothers and sisters of the plaintiff in error, as well as the executors of her will, were made defendants to the bill. An answer was filed, which, among other things, denied

the making of the agreement by Emma Gullett. On the hearing the plaintiff in error offered to prove the agreement by her own testimony and that of her two sisters to each of whom a bequest of one dollar was made, but the court sustained an objection to the competency of these witnesses, and the correctness of this ruling is the only question which has been argued.

Since the children of Mrs. Gullett, except the complainant and her two sisters whom she offered as witnesses, were defending as devisees under the will of their mother, the complainant and her two sisters, whose interest was adverse to them, were incompetent to testify to anything occurring in Mrs. Gullett's lifetime, under section 2 of chapter 51 of the Revised Statutes. In *Jones* v. *Abbott,* 235 Ill. 220, a daughter filed a bill to set aside her father's will and have partition of his estate under a contract similar to that alleged here, whereby the father had agreed to allow his property to descend to his heirs under the statute. Another daughter of the testator, who was a devisee under the will and a party to the suit, was held incompetent to testify to anything occurring during the lifetime of her father because she was a party directly interested and the adverse party was suing as heir of the deceased person. That case was exactly similar to this, but the objection was there made by the complainant while here it is made by the defendants. This difference does not change the legal question, for the same rule which excludes the testimony of the defendants against the complainant suing as an heir also excludes the testimony of the complainant or any other party having the same interest against the defendants defending as devisees.

The plaintiff in error relies upon the case of *Pigg* v. *Carroll,* 89 Ill. 205, in which it was held that in a suit between heirs for partition and the adjustment of advances the statute excluding parties of record and in interest from testifying has no application, the title to the property in-

volved belonging to the litigants and no attack having been made on the title of the ancestor. In *Mueller* v. *Rebhan,* 94 Ill. 142, it was further said in regard to this statute that it was intended to protect the estates of deceased persons from the assaults of strangers, and relates to proceedings wherein the decision sought by the party so testifying would tend to reduce or impair the estate, and does not relate to the relative rights of heirs or devisees, as to the distribution of an estate, in proceedings by which the estate is in no event to be reduced or impaired. These decisions have since been cited and approved many times but they have no application to the present case. The object of the suit in *Pigg* v. *Carroll, supra,* was merely to adjust rights between heirs-at-law; no question as to the title or the right of the ancestor was involved; while here the object is to take the estate from the legatees and distribute it equally among the heirs-at-law and the right of the ancestor to make a will is directly attacked. As was said in *Comer* v. *Comer,* 119 Ill. 170, the parties litigant in *Pigg* v. *Carroll, supra,* and in subsequent cases on the same subject where parties were held to be competent witnesses in their own behalf, held a title derived from the same identical source and the litigation concerned property it was conceded belonged to the parties to the suit. In fact, all parties claimed by the same title. Here, while the titles come from the same source they are not the same but are inconsistent. The complainant and her two sisters claim by inheritance, the other defendants by purchase. The latter title the complainant seeks entirely to destroy by showing that the testatrix had no right to make the will. It has been held many times that a complainant in a bill against executors and devisees to set aside a will is not competent to testify in his own behalf in regard to occurrences in the testator's lifetime. (*Brace* v. *Black,* 125 Ill. 33; *Taylor* v. *Pegram,* 151 id. 106; *Bevelot* v. *Lestrade,* 153 id. 625; *Pyle* v. *Pyle,* 158 id. 289; *Waugh* v. *Moan,* 200 id. 298.)

In the latter case it is said that the fact that the contest was between the heirs of the deceased does not change the rule, and that the rule announced in *Pigg* v. *Carroll, supra,* and kindred cases, does not apply.

The witnesses by whom it was sought to sustain the bill were incompetent, and the decree will be affirmed.

*Decree affirmed.*