(No. 24289.—

GOLDIE SHARP, Appellee, vs. ETTA P. WATKINS BRADSHAW et al.—(ETTA P. WATKINS BRADSHAW, Appellant.)

*Opinion filed December 22, 1937.*

WILSON, J., dissenting.

FLESHER & TAYLOR, and OSCAR J. PUTTING, for appellant.

JOHN E. HOGAN, and DAVISON & DAVISON, for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Christian county by Etta P. Watkins Bradshaw which declared a constructive trust in the property left to her by the terms of her father's will.

Wilson H. Watkins, a widower, died testate in December, 1930, leaving eight children. By his will he left $250 to one son, one dollar, each, to six of his other children, and the rest of his estate to appellant. The appellee, a daughter, filed a bill in which she alleged that Watkins and his wife owned certain valuable land and that the wife died in 1916; that upon her death Watkins coaxed his children to convey their interests in his wife's property to him, upon the promise that he would sell the property, invest the proceeds and, upon his death, divide it all equally among them. The bill set out that he sold the property in 1919, invested part of the proceeds in real estate and part in real estate mortgages and loans, and, in 1929, executed a will leaving this property as above stated. The prayer of the bill was that a constructive trust be declared to be in the appellant and that the property of the estate be divided equally among the heirs of Watkins who are the complainant and parties defendant. All the defendants except the appellant filed answers in which they admitted the allegations of the bill. The appellant filed a demurrer which was overruled. She then filed an answer, both as an individual and as executrix of her father's will. The cause was referred to a master in chancery who heard the evidence. Objections were filed to the master's report which were overruled and a decree was entered declaring a constructive trust in the property and ordering an accounting of all of the real and personal property described in the complaint.

This appeal followed, the appellant contending *inter alia,* that the competent evidence in the record fails to establish a constructive trust by clear, convincing and unmistakable proof.

Where it is sought to establish a constructive trust by parol evidence the proof must be clear, convincing and so strong, unequivocal and unmistakable as to lead to but one conclusion. (*Neagle* v. *McMullen,* 334 Ill. 168; *Niland* v.

*Kennedy,* 316 id. 253; *Banning* v. *Patterson,* 363 id. 464.) Seven witnesses testified for complainant, two of them sisters and three of them brothers of the appellant, and it was their testimony that tended to establish the trust. They were not competent witnesses under the Evidence act. State Bar Stat. 1935, chap. 51, sec. 2; *Patton* v. *Gullett,* 267 Ill. 569.

Annie O'Brien, a distant relative of the deceased, testified for the complainant that she had conversations with him in which he told her that he was having trouble with the boys; that he intended his family to share alike, but it looked as though the boys were getting their share already and he thought that they would get their share before his death. She further testified that his conversation regarding the disposition of his property was not like that she had heard described by the brothers and sisters at the hearing. H. D. Chaney, a brother-in-law of the complainant, testified that at the State Fair, in 1928, the deceased told him that his children had deeded their part of the property to him and, at his death, it would be given back to them. The scrivener who drew the deed testified that he explained it thoroughly to all the children who signed and nothing was said to him regarding any agreement in regard to a disposition of the property.

This is all the competent evidence in the record and it falls short of that clear, convincing, strong, unequivocal and unmistakable evidence which we have always held to be necessary to establish a constructive trust by parol evidence. Where an asserted oral contract is out of harmony and inconsistent with a will made by the promisor subsequent to the time when it is alleged that he entered into the contract in question, the will is entitled to be taken into consideration as bearing upon the improbability of the contract having been made as alleged. (*Fierke* v. *Elgin City Banking Co.* 366 Ill. 66.) Record titles to real estate depend on formal muniments which are required, even as

between living parties, to be solemnly executed and duly recorded. It is not the policy of the law in relation to real estate to permit such a title to be impaired or upset on slender evidence of doubtful value.

For the reasons herein stated the decree of the circuit court of Christian county is reversed. *Decree reversed.*

WILSON, J., dissenting.