Hilda Jean Ware GREEN and Dolas Ware, et al.
*v.* Elzie WARE

90-195 807 S.W.2d 24

Supreme Court of Arkansas
Opinion delivered April 15, 1991

*Jay E. Hoggard*, for appellants.

*Compton, Prewett, Thomas & Hickey*, by: *Floyd M. Thomas, Jr.*, for appellee.

TOM GLAZE, Justice. This will construction case is a sequel to *Ware* v. *Green*, 286 Ark. 268, 691 S.W.2d 167 (1985), where

this court mentioned but did not decide the issue now presented in this appeal. As described in *Ware I*, the testator's will gave his widow, the appellee here, all his real property for life or for so long as she remains his widow. However, he also granted her the power to sell or dispose of the realty "when [she] had inadequate money to provide her with the standard of living to which she is accustomed." We held in *Ware I* that the testator's will allowed the widow to make a good faith decision as to when to exercise her power to sell but that her election to do so was subject to her notifying the testator's children, as remaindermen, so they would have first option to purchase the realty in the manner set out in the will. The children, appellants in this appeal, were the testator's by a prior marriage.

Since *Ware I*, the appellee widow filed a partition suit requesting to sell part of the real property given her by the will, and the testator's children were duly notified of a potential or pending private sale. The children refused to exercise their right to purchase the property, so the property was sold to third parties, and the entire sale proceeds were placed into the court's registry. The trial court ruled that, under the will, the appellee was entitled to *all* of the sale proceeds and the only restriction placed on her was to spend the proceeds for her support and maintenance. Appellants contended below, and contend now on appeal, that the appellee is entitled only to the reduced or commuted value of a life estate in those proceeds.[1] The trial court was correct, and we affirm.

Appellants' argument largely relies on *Patty v. Goolsby*, 51 Ark. 61 (1888), where the testator gave his wife a life estate in real property with the remainder in fee to his children; the wife was also given the power to sell or dispose of the property. The testator's widow later sold the realty, but the *Patty* court held that she conveyed only a life interest and the children became entitled to the property as devisees of the remainder. The *Patty* court, quoting from *Giles v. Little*, 104 U.S. 291 (1881), also said that when a power of disposal accompanies a bequest or devise of a life

---

[1] Appellants never questioned the validity of the fee simple title conveyance to the third parties, and the dispute here is limited only to the proceeds gained from that conveyance.

estate, the power is limited to such disposition as a tenant for life can make unless there are other words clearly indicating that a larger power was intended.

 The *Patty* case has been often cited and distinguished in later cases. *See*, e.g., *Pearrow* v. *Vaden*, 201 Ark. 1146, 148 S.W.2d 320 (1941); *Union & Mercantile Trust Co.* v. *Hudson*, 143 Ark. 519, 220 S.W. 820 (1920); *Archer* v. *Palmer*, 112 Ark. 527, 167 S.W. 99 (1914). For example, the *Archer* case, relying in part on the above quotation from *Giles*, determined the holding or conclusion reached in *Patty* was inapplicable because when the will in *Archer* was read and considered as a whole, the testator, when granting his wife a life estate and the power to sell and dispose of it, did not limit such disposition as a tenant for life could make. The *Archer* court stated the rule as follows:

> According to the current authority, the rule is that where a testator gives an estate for life only, with the added power to the life tenant to convey the estate absolutely, the life tenant may defeat the estate of a remainderman under the will by the exercise of the power of disposal during his lifetime.

 Relying on the same authority cited in *Archer*, the *Pearrow* court held that the widow there — a life tenant with the power to sell — could convey, not merely her life estate, but the fee title. In the present case, appellants attempt to distinguish *Pearrow* because there the testator gave his wife a life estate with the right to dispose of the property "in the event that her financial condition or health make it necessary to do so." Appellants reason that the testator manifested his intent that his wife be provided for if her financial condition or health required it — which was shown. Of course, here the testator's conditions were worded somewhat differently, *viz.*, that his wife shall have the right to dispose of the property if (1) she does not have adequate money to provide her with the standard of living to which she is accustomed and (2) she gave written notice of her intent to sell to his children so they could be given first option to purchase the property. Nonetheless, like in *Pearrow*, the conditions expressed here by the testator were met.

Thus, under the other will provisions, as read, considered and harmonized by the trial court, appellee was found to have had

the full power to sell the property to another person (after the appellants declined) for a sum no less than that which was offered the appellants, as the testator's children. As also required under the will, the trial court further concluded that those sale proceeds "shall be [her] sole and absolute property" and "she shall use said money only for her support and maintenance." The trial court's conclusion not only appears consistent with this court's decisions in *Pearrow*, *Archer* and *Hudson*, but also is in accord with what a treatise on wills cites to be the general rule on this subject, which reads as follows:

> A power is often conferred to sell and to use the proceeds for the support, maintenance, and comfort, of some designated person, usually the donee of the power. Under such a power, the donee may convey a fee.

5 Bowe-Parker, *Page on Wills* § 45.11 (1962).

When reviewing the testator's will as a whole, we, like the trial court, believe the testator fully intended to give his wife a life interest in his real property with the remainder in his children, but he first desired that his widow be maintained and supported in the standard of living to which she was accustomed. When the widow's existing standard of living could not be maintained, she had the right to sell the real property to obtain sufficient funds to continue that standard, assuming she first gave the testator's children the option to purchase the property. As discussed above, we believe the *Patty* holding is simply not controlling under the circumstances here. Therefore, we affirm.